## In re AIR CRASH DISASTER NEAR NEW ORLEANS, LOUISIANA ON JULY 9, 1982.

**Luis Alberto TRIVELLONI–LORENZI, and Susanna Electra Trivelloni–Lorenzi, Plaintiffs–Appellees,**

v.

**PAN AMERICAN WORLD AIRWAYS, INC., et al., Defendants–Appellants.**

**Ernesto Serio PAMPIN LOPEZ, Individually and As Administrator of the Estate of His Deceased Mother Sara E. Lopez De Pampin, Plaintiff–Appellee,**

v.

**PAN AMERICAN AIRWAYS, INC., and United States of America, et al., Defendants–Appellants.**

Nos. 84–3832, 84–3833.

United States Court of Appeals, Fifth Circuit.

Sept. 8, 1989.

Robert E. Kerrigan, Francis G. Weller, Frederick R. Bott, Darrell K. Cherry, Deutsch, Kerrigan & Stiles, New Orleans, for Pan Am et al.

John P. Volz, U.S. Atty., Harry Pastuszek, Asst. U.S. Atty., New Orleans, La., for U.S.

Patricia R. Murray, Stephen B. Murray, Romualdo Gonzalez, New Orleans, La., for plaintiffs-appellees.

On Remand from the United States Supreme Court, 109 S.Ct. 1928.

Before CLARK, Chief Judge, and GEE, GARZA, REAVLEY, POLITZ, KING, JOHNSON, WILLIAMS, GARWOOD, JOLLY, HIGGINBOTHAM, DAVIS, JONES, SMITH, and DUHE, Circuit Judges.*

PER CURIAM:

The decision of this court sitting en banc, *In re Air Crash Disaster Near New Orleans, La.,* 821 F.2d 1147 (5th Cir.1987), which reinstated in part the panel opinion reported at 789 F.2d 1092, has been vacated by the Supreme Court and remanded to this court for further consideration in light of *Chan v. Korean Air Lines, Ltd.,* 490 U.S. ——, 109 S.Ct. 1676, 104 L.Ed.2d 113 (1989). The *Chan* case concerns the limitation of damages for injury or death of international air travelers imposed by the 1929 Warsaw Convention as modified in 1966 by the Montreal Agreement.

I.

In remanding for further consideration in light of its decision in *Chan,* the Supreme Court neither expressed nor intimated any disagreement with or criticism of any part of our en banc opinion other than that relating to the limitation of damages for international air travelers. Accordingly, save and except as to damages we reinstate the opinion of the en banc court, including the concurrences and dissents, and affirm the judgments of the district court.

II.

As to damages, the judgments of the district court are vacated and the cases are remanded for reconsideration of the amount of damages. Consistent with the holding in *Chan v. Korean Air Lines, Ltd.,* in determining the amount of damages the district court shall apply the limitations imposed by the Warsaw Convention, as mod-

---

* Judges Jerry E. Smith and John M. Duhe, Jr. were not members of this court when this case was decided by the en banc court and have opted not to participate in Part I of this opinion. They do participate, however, in Part II.

ified by the Montreal Agreement, unless there is sufficient reason to make the damage limitation inapplicable, other than the size of the type used in printing the damage-limitation warning.

AFFIRMED in part, VACATED in part and REMANDED.